IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KUN LEE, *et al.*,                          *

     Plaintiffs,                      *

        v.                              *          Civil Action No.: RDB-09-1514

PMG 1001, LLC, *et al.*,                     *

     Defendants.                      *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MEMORANDUM OPINION

Plaintiffs Kun Lee and Hae Lee ("the Lees") and their defunct corporation Ziggraut Enterprises, Inc. ("Ziggraut"), filed this action against Defendants PMG 1001, LLC, ("PMIG"), Kian Enterprises, Inc. ("Kian"), and Petroleum Marketing Group, Inc. ("PMG") (collectively "Defendants") for breach of contract, fraud, and credit card fraud, as well as for violation of the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 *et seq.* arising out of a transaction to purchase and operate a retail motor fuel business in Laurel, Maryland.[1]  Pending before this Court is Defendants' Motion to Dismiss First Amended Complaint (Paper No. 17) and Defendants' Motion to Strike (Paper No. 18).  Defendants' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2008).  For the reasons stated below, Defendants' Motions to Dismiss First Amended Complaint (Paper No. 17) is GRANTED as to Count IV, and Defendants' Motion to Strike (Paper No. 18) is MOOT.

---

[1] Plaintiffs make sporadic references to Abdolhossein Ejtemai and David Noland as "Defendants," though neither individual is named in the Complaint nor has been served with process.  Accordingly, this Court does not find these individuals to be named defendants.

## **BACKGROUND**

This Court reviews the facts relating to this claim in the light most favorable to the petitioner. *See, e.g., Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). Plaintiffs Kun Lee and Hae Lee are brothers who wholly owned Ziggraut Enterprises, Inc. Am. Compl. ¶ 1. On May 24, 2004, Plaintiffs purchased a retail gasoline service station owned by Defendants and located at 3601 Fort Meade Road, Laurel, Maryland ("the station") and entered into a Motor Fuel Supply Agreement for the provision of wholesale gasoline to the station. *Id*. ¶ 9, 19. Plaintiffs allege that Defendants falsely represented that it was a successful business enterprise, had previously produced a substantial profit, and could produce a profit immediately. *Id*. ¶ 9.

The gas station did not become profitable, however. Plaintiffs allege this is because the wholesale price at which they were contractually obligated to buy gasoline from was regularly higher than the retail price of gasoline charged by competing gas stations in the vicinity. *Id*. ¶ 50. On May 3, 2007, Plaintiffs delivered to the Defendants a notice of rescission, ceased operations of the gas station, and vacated the premises. *Id*. ¶ 47. By that time, Plaintiffs had already paid over $ 350,000 to Defendants in investments in the gas station aimed at making it more profitable. *Id*. ¶ 48. Plaintiffs ultimately defaulted and went out of business. *Id*. ¶ 42.

Plaintiffs originally filed this suit in the Circuit Court for Anne Arundel County, Maryland, alleging breach of contract, fraud, "credit card fraud" and a violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*. On June 9, 2009, Defendants removed this action to this Court based on the assertion of a claim under RICO, pursuant to federal question jurisdiction. *See* U.S. Const. Art. 3 § 2; 28 U.S.C. §§ 1331 & 1332. The Defendants simultaneously filed a Motion to Dismiss the original Complaint (Paper No. 4). Plaintiffs filed a Response in Opposition and moved at the same time for leave to

amend the original Complaint (Papers No. 10 and 11).  The parties agreed by stipulation that the

First Amended Complaint be filed by consent and that Defendants would plead or otherwise

respond to the First Amended Complaint (Papers No. 15 and 16).

Plaintiffs seek compensatory damages for losses incurred in operating the business and

lost profits, punitive damages, and attorney's fees.  In the suit they claim that all named

defendants knew that the gas station would be unprofitable, but nonetheless made deliberate

representations to the contrary in order to induce the plaintiffs to purchase and operate the gas

station. This series of misrepresentations, they claim, amounts to common law fraud and breach

of contract due to fraudulent inducement.  Because they contend that this fraudulent conduct is

part of a pattern of activity, they claim it amounts to a violation of RICO as well.  Plaintiffs

claim that the named defendants "systematically underpaid" them for the proceeds on credit card

purchases at the gas station.  Finally, Plaintiffs allege a count entitled "Claims of the Individual

Plaintiffs," stating that the individual Plaintiffs may recover pursuant to the previous claims.

## STANDARD OF REVIEW

Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim

showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a).  Rule 12(b)(6) of the

Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim

upon which relief can be granted.  Therefore a Rule 12(b)(6) motion tests the legal sufficiency of

a complaint.

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief

that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Under the

plausibility standard, a complaint must contain "more than labels and conclusions" or a

"formulaic recitation of the elements of a cause of action" in order to survive a motion to

dismiss. *Id.* at 555.  Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference.  *See id.* (stating that "courts are not bound to accept as true a legal conclusion couched as a factual allegation") (citations omitted).

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id.*  The Supreme Court has recently explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  On a spectrum, the plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Id.*  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  At bottom, the court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

## I.    Motion to Dismiss

### A.    RICO Claim (Count IV)

The basis of the removal of this case from the Circuit Court for Anne Arundel County, Maryland, to this Court was the Plaintiffs' claim under federal law alleging that the Defendants "engaged in a pattern of racketeering" in violation of RICO "by communicating false, fraudulent and misleading information."  Am. Compl. ¶ 102, Count IV.  Where, as here, the alleged racketeering activities center around fraud, plaintiffs asserting RICO claims must comply with the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. *See Robinson v. Fountainhead Title Group Corp.*, 252 F.R.D. 275, 279-80 (D. Md. 2008).  This

means that plaintiffs must "state with particularity the circumstances constituting [the] fraud" involved in the racketeering activities if they are to survive dismissal. Fed. R. Civ. P. 9(b); *see Robinson*, 252 F.R.D. at 280.

Courts test the sufficiency of RICO claims by looking to their elements. *D'Addario v. Geller*, 264 F. Supp. 2d 367, 396 (E.D. Va. 2003).  Although not specified by the plaintiffs in their complaint, their RICO claims apparently arise out of § 1962(c), which makes it unlawful for "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate . . . commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c).  Thus, in order to make out a prima facie RICO case under this provision, a plaintiff must show the existence of the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity, and (5) a resulting injur[y] in his business or property (6) by reason of the RICO violation." *D'Addario*, 264 F. Supp. 2d at 388.

The essence of Plaintiffs' RICO claim is that Defendants conspired together to convince the Plaintiffs to purchase a gas station they knew would be unprofitable and to enter into exclusive agreements to supply motor fuel that they knew would only benefit themselves as fuel suppliers.  RICO prohibits any person "employed by or associated with any enterprise" from conducting the affairs of the enterprise through a pattern of racketeering activity.  *See* 18 U.S.C. § 1962(c).  In a nearly identical case filed by the same plaintiffs' counsel, Judge Blake of this Court recently found that plaintiffs failed to state a claim under RICO because they did not distinguish between the "person" and the "enterprise."  *Gondel v. PMIG 1020, LLC*, 2009 U.S. Dist. LEXIS 9507, at *11-12 (D. Md. Jan. 22, 2009), *aff'd* 2009 U.S. App. LEXIS 24519 (4th Cir. Nov. 9, 2009).

As in *Gondel*, Plaintiffs have failed to articulate an "enterprise" in their Amended Complaint.  Under RICO, an "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).  A party cannot be both the defendant "person" and the "enterprise."  *See New Beckley Min. Corp. v. Int'l Union, Mine Workers of America*, 18 F.3d 1151, 1163-64 (4th Cir. 1994) (affirming dismissal of Complaint where the "persons" were not distinct from the "enterprise" and denying leave to amend).  While Plaintiffs identify the persons who were allegedly involved in the alleged enterprise, Am. Compl. ¶ 111, nowhere in the Amended Complaint do plaintiffs allege what the purported enterprise might be, nor distinguish the "person" from the "enterprise."  As a result, Plaintiffs' RICO claim is defective, and Count IV must be dismissed.

### B.     Subject Matter Jurisdiction

The jurisdiction of the federal courts is limited.  Federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $ 75,000.00.  *See* U.S. Const. Art. 3 § 2; 28 U.S.C. §§ 1331 & 1332.  There is no presumption that jurisdiction is vested in the Court.  *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999).

Plaintiffs have not alleged that diversity jurisdiction exists in this case, thus federal jurisdiction is only available if there is a federal question at issue.  There is only one possible federal question raised in the Complaint: the alleged violations of RICO.  As discussed above, Plaintiffs have not alleged facts sufficient to state a claim under RICO, thus there is no federal question presented.

Pursuant to 28 U.S.C. § 1367(c)(3), this Court has discretion to decline to exercise supplemental jurisdiction if the court "has dismissed all claims over which it has original jurisdiction."  In *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966), the Supreme Court cautioned that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a superfooted reading of applicable law."  Thus, this Court declines, pursuant to 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction over Plaintiffs' remaining state claims set forth in Counts I, II, III and V alleging breach of contract, fraud and credit card fraud.  Accordingly, Plaintiffs' Amended Complaint is dismissed with respect to Count IV and is remanded back to the Circuit Court for Anne Arundel County, Maryland, on the remaining Counts.

**II.      Motion to Strike**

Because Plaintiffs' Amended Complaint is dismissed as to Count IV, and the remaining claims are remanded to the Circuit Court for Anne Arundel County, Maryland, Defendants' Motion to Strike is rendered moot.

**CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss (Paper No. 17) is GRANTED with respect to Count IV and Defendants' Motion to Strike (Paper No. 18) is MOOT.  Plaintiffs' Amended Complaint is DISMISSED as to Count IV and the remaining Counts are REMANDED to the Circuit Court for Anne Arundel County, Maryland.  A separate Order follows.

Dated: January 11, 2010                       /s/_____
                                                            Richard D. Bennett
                                                            United States District Judge